FILED
CLERK, U.S. DISTRICT COURT

2/3/2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH CRYSTAL, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDBOX, INC., PEJMAN VINCENT MEHDIZADEH, BRUCE BEDRICK, THOMAS IWANSKI, GUY MARSALA, and DOUGLAS MITCHELL,<br><br>Defendants. | Case No.: 2:15-CV-00426-BRO (JEMx)<br><br>**CLASS ACTION**<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

WHEREAS, (i) Lead Plaintiffs Peter Phan and Paul Poon ("Lead Plaintiffs") and (ii) Medbox, Inc. ("Medbox"), Pejman Vincent Mehdizadeh, Bruce Bedrick, Thomas Iwanski, Guy Marsala, C. Douglas Mitchell, J. Mitchell Lowe, Ned Siegel, Timothy Quintanilla, and Q Accountancy Corporation (collectively, "Defendants")[1] have agreed to a settlement of all claims asserted in the Class Action against all of the Defendants;

WHEREAS, that Settlement was entered into through a Stipulation and

---

[1] Lead Plaintiffs, on behalf of themselves and the Class, and Defendants are collectively referred to as the "Settling Parties."

1.

Agreement of Settlement, dated as of December 17, 2015 (the "Settlement Agreement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Consolidated Complaint filed in the Class Action on the merits and with prejudice;

WHEREAS, all capitalized terms used herein shall have the same meaning as in the Settlement Agreement; and

WHEREAS, this Court having read and considered the Settlement Agreement, the proposed Notice of Proposed Class Action Settlement ("Mailed Notice"), the Summary Notice of Proposed Class Action Settlement ("Summary Notice"), the proposed Proof of Claim and Release, and the [Proposed] Final Judgment and Order of Dismissal with Prejudice ("Judgment"), and finding that substantial and sufficient grounds exist for entering this Preliminary Approval Order:

NOW, THEREFORE, IT IS HEREBY ORDERED, this 3rd day of February, 2016, that:

1. The Court hereby preliminarily approves the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Final Settlement Approval Hearing described below.

2. Pending further order of the Court, all litigation activity in the Class Action is hereby stayed, except that which is contemplated herein, in the Settlement Agreement, or otherwise as is necessary to effectuate the Settlement, and all hearings, deadlines, and other proceedings in this Class Action, except insofar as they relate to the Settlement, are hereby taken off calendar.

3. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, claims in the Class Action against the Defendants are hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired Medbox common stock

1  between April 2, 2013 and December 29, 2014, inclusive, and who were damaged
2  thereby. Excluded from the Settlement Class are: (1) Defendants and their families,
3  the officers and directors of the Company, at all relevant times, members of their
4  families and their legal representatives, heirs, successors, or assigns, and any entity
5  in which Defendants have or had a controlling interest; (2) any persons who have
6  separately filed actions against one or more of Defendants, based in whole or in part
7  on any claim arising out of or relating to any of the alleged acts, omissions,
8  misrepresentations, facts, events, matters, transactions, or occurrences referred to in
9  the Class Action or otherwise alleged, asserted, or contended in the Class Action;
10 and (3) those persons or entities who submit valid and timely requests for exclusion
11 from the Class in accordance with this Order.

12  4.  This Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22  5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of settlement only, Lead Plaintiffs are certified as the Class representatives on behalf of the Class and Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court, is hereby appointed as Lead Counsel for the Class.

27  6.  A hearing pursuant to Federal Rule of Civil Procedure 23(e) (the "Final Settlement Approval Hearing") is hereby scheduled to be held before this

Court on [**At the Court's convenience, on or after one-hundred (100) Calendar Days following the entry of the Preliminary Approval Order**] __May 16_____, 2016 at 1:30 p.m. for the following purposes:

(a) to finally determine whether the Class Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) for purposes of settlement;

(b) to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by this Court;

(c) to determine whether the Judgment as provided under the Settlement Agreement, and submitted as Exhibit B to the Settlement Agreement, should be entered, dismissing all claims in the Consolidated Complaint against all of the Defendants, on the merits and with prejudice, and to determine whether the release of Released Claims against any and all Released Persons, as set forth in the Settlement Agreement, should be ordered;

(d) to determine whether the proposed Plan of Distribution for the Net Settlement Fund is fair and reasonable and should be approved by this Court;

(e) to consider the application of Lead Counsel for an award of attorneys' fees and expenses; and

(f) to rule upon such other matters as the Court may deem appropriate.

7. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Settlement Agreement and dismissing the claims in the Consolidated Complaint as to the Defendants, on the merits and with prejudice, regardless of whether it has approved the Plan of Distribution or awarded attorneys' fees and expenses to Lead Counsel.

8. The Court approves the form, substance and requirements of: (a) the Mailed Notice, (b) the Summary Notice, and (c) the Proof of Claim and Release.

9. Lead Counsel has the authority to enter into the Settlement Agreement

on behalf of the Class and is authorized to act on behalf of the members of the Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement or such other acts that are reasonably necessary to consummate the Settlement.

10. The Court approves the appointment of Strategic Claims Services as the Claims Administrator, and approves the payment of reasonable administration costs to the Claims Administrator from the proceeds of the Settlement, not to exceed $200,000.00 without further Court order.

11. Within ten (10) Business Days of entry of this Order, Defendants are to arrange for Medbox or its transfer agent to provide to the Claims Administrator in a computer-readable format acceptable to the Claims Administrator, the last known names and addresses of all shareholders of record during the Class Period.

12. Within ten (10) Business Days of Medbox's transfer agent providing the Claims Administrator with the last known names and addresses of all shareholders of record as required by ¶11 of this Order ("Notice Date"), the Claims Administrator shall:

    (a) cause to be mailed to all shareholders of record identified by Medbox's transfer agent the Mailed Notice, substantially in the form of Exhibit A-1 attached to the Settlement Agreement, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached to the Settlement Agreement. The Claims Administrator shall also make reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Medbox during the Class Period. Such nominee purchasers are hereby directed to forward copies of the Mailed Notice and Proof of Claim and Release to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners. Promptly upon receipt of any such information from nominee purchasers, the Claims Administrator shall cause the Mailed Notice and

        Proof of Claim and Release to be mailed to such beneficial owners. Additional copies of the Mailed Notice and Proof of Claim and Release shall be made available to any record holder requesting the same for the purpose of distribution to beneficial owners;

    (b)    cause the Settlement Agreement and the Mailed Notice and Proof of Claim and Release substantially in the forms submitted as Exhibits A-1 and A-2 to the Settlement Agreement, respectively, to be posted on the Claims Administrator's website; and

    (c)    cause, not later than seven (7) Business Days following the Notice Date, the Summary Notice to be published once over a national business internet wire service and once in *Investor's Business Daily*.

13. Not later than thirty-five (35) Calendar Days prior to the Final Settlement Approval Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

14. The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitutes the best notice practicable under the circumstances; and shall constitute due and sufficient notice to all persons and entities entitled thereto. Under no circumstances shall any Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.

15. To share in the net proceeds of the Settlement in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member shall take the following action and be subject to the following

conditions:

(a) A properly executed Proof of Claim and Release, substantially in the form submitted as Exhibit A-2 to the Settlement Agreement, shall be submitted, by first-class mail, postage prepaid, postmarked no later than ninety (90) Calendar Days from the Notice Date, to the Post Office Box address listed in the Mailed Notice. Such deadline may be further extended by Order of this Court. Each Proof of Claim and Release shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail) provided it is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Mailed Notice;

(b) The Proof of Claim and Release submitted by the Class Member must: (i) be fully and properly completed, without any material deletions or modifications of any form provided to the Class Member; (ii) state, for the Class Member, all purchases of Medbox shares during the Class Period, including the number and price of the shares purchased and the date of each purchase, the number and price of shares sold during the Class Period; (iii) be accompanied by adequate documentation to demonstrate the transaction(s) reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iv) be executed under penalty of perjury; and (v) be accompanied, if the person executing the Proof of Claim and Release is acting in a representative capacity, by a certification of the executor's current authority to act on behalf of the Class Member;

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim and Release, Lead Counsel, through the Claims Administrator, shall determine, based upon the Plan of Distribution, whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined; and

(d) As part of the Proof of Claim and Release, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

16. Class Members shall be bound by all determinations and judgments in the Class Action, whether or not they submit a valid and timely Proof of Claim and Release and are thereby entitled to share in the net proceeds of the Settlement, unless such Person(s) request exclusion from the Class in a timely and proper manner, as hereinafter provided:

(a) A person eligible to be a Class Member, but who wishes to be excluded from the Class, may request exclusion by mailing the request in written form, by first-class mail, postage prepaid, postmarked no later than twenty-one (21) Calendar Days prior to the Final Settlement Approval Hearing, to the address listed in the Mailed Notice. However, a Class Member may submit a written revocation of a request for exclusion up until two (2) Business Days prior to the date of the Final Settlement Approval Hearing and receive payments pursuant to this Settlement and the Settlement Agreement provided the Class Member also timely submits a valid Proof of Claim and Release;

(b) The request for exclusion shall clearly indicate the name and address of the person seeking exclusion and that the sender specifically requests to be excluded from the Class;

(c) The request for exclusion shall be executed, under penalty of perjury,

        by the person requesting exclusion from the Class, and accompanied, if said person is acting in a representative capacity, by a certification of the person's current authority to act on behalf of the person requesting exclusion from the Class;

        (d)    The request for exclusion shall state, for the Class Member, all purchases of Medbox common stock during the Class Period, including the number and price of the shares purchased and the date of each purchase, the number and price of shares sold during the Class Period and the date of each sale; and

        (e)    It is also requested that such persons provide their telephone number or other contact information.

The request for exclusion shall not be effective unless the potential Class Member provides the required information set forth in this ¶16, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Mailed Notice and Summary Notice.

        17.    Any Class Member may appear and show cause, if he, she or it has any, why the proposed Settlement of the Class Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Distribution should or should not be approved and/or why attorneys' fees and expenses should or should not be awarded to counsel for Lead Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by first-class mail written objections and copies of any papers and briefs such that they are received on or before twenty-one (21) Calendar Days prior to the Final Settlement Approval Hearing by: Frank J. Johnson, Johnson & Weaver, LLP, 600 West Broadway, Suite 1540, San Diego, CA 92101, as Lead Counsel for Lead Plaintiffs and the Class, and by Phillip R. Kaplan, Manatt, Phelps

1  & Phillips, LLP, Park Tower, 695 Town Center Drive, 14th Floor, Costa Mesa, CA
2  92626, as Defendants' Counsel designee. Any such objections, papers, and briefs
3  shall also be filed with the Clerk of the United States District Court for the Central
4  District of California, Western Division, on or before twenty-one (21) Calendar
5  Days prior to the Final Settlement Approval Hearing. Any objection must include:
6  (a) the full name, address and phone number of the objecting Class Member; (b) a
7  list of all of the Class Member's transactions involving Medbox common stock
8  during the Class Period; (c) a written statement of all grounds for the objection; (d)
9  identify any case, by name, court, and docket number, in which the objector or his
10 attorney, if any, has objected to a settlement in the last three years; and (e) the
11 objector's signature, even if represented by counsel. Class Members intending to
12 object and present evidence at the Final Settlement Approval Hearing must include
13 in their written objections the identity of any witnesses they may call to testify and
14 exhibits they intend to introduce into evidence at the hearing. Any Class Member
15 who does not make his, her or its objection in the manner provided shall be deemed
16 to have waived such objection and shall forever be foreclosed from making any
17 objection to the fairness or adequacy of the settlement as set forth in the Settlement
18 Agreement, to the Plan of Distribution, or to the award of attorneys' fees and
19 expenses to Lead Counsel, unless otherwise ordered by the Court.

20    18.    All funds held by the Escrow Agent shall be deemed and considered to
21 be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the
22 Court, until such time as such funds shall be distributed pursuant to the Settlement
23 Agreement and/or further order(s) of the Court.

24    19.    All papers in support of the Settlement, the Plan of Distribution, and
25 request by Lead Counsel for an award of attorneys' fees and expenses, shall be filed
26 and served thirty-five (35) Calendar Days prior to the Final Settlement Approval
27 Hearing. Any reply in further support of the Settlement, the Plan of Distribution,
28 any application by Lead Counsel for attorneys' fees and expenses, and any other

matter including, but not limited to, a response to an objection, if any, shall be filed and served by Lead Counsel seven (7) Calendar Days prior to the Final Settlement Approval Hearing.

20. All expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶2.4 or ¶2.12 of the Settlement Agreement.

21. In the event that the Settlement is not consummated pursuant to its terms, the Settlement Agreement, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and each Settling Party shall be restored to their, his, her, or its respective position as it existed as of the Execution Date of the Settlement Agreement.

22. Neither the Settlement Agreement, nor this Order, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with it, nor any act performed or document signed in connection with the Settlement, shall, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute or be construed as an admission or concession of, or evidence of, or be deemed to create any inference of, the truth of any of the allegations in the Class Action, or of any liability, fault, or wrongdoing of any kind on the part of any of the Settling Parties.

23. The Court reserves the right to continue or adjourn the Final Settlement Approval Hearing without any further notice to Class Members, and retains jurisdiction over the Class Action to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

1 | without further notice to the Class.

2 | SO ORDERED this __3rd__ day of Feb, 2016.

_____
HON. BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE