1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 JOSH CRYSTAL, Individually And On Behalf Of All Others Similarly 11 Situated, | Case No.: 2:15-CV-00426-BRO (JEMx) |
| 12         Plaintiff, | **CLASS ACTION** |
| 13    v. | **FINAL JUDGMENT** |
| 14 MEDBOX, INC., PEJMAN VINCENT MEHDIZADEH, BRUCE 15 BEDRICK, THOMAS IWANSKI, GUY MARSALA, and DOUGLAS 16 MITCHELL, | |
| 17         Defendants. | |

18

19         This matter came before the Court for a hearing on October 17, 2016, on the

20    application of the Settling Parties for approval of the Settlement set forth in the

21    Stipulation and Agreement of Settlement dated December 17, 2015 (the

22    "Settlement Agreement"). Due and adequate notice having been given to the

23    Class, and the Court having considered all papers filed and proceedings had herein

24    and otherwise being fully informed in the premises and good cause appearing

25    therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

26         1.    This Judgment incorporates by reference the Order Re: Motion for

27    Final Approval of Class Settlement [94] and Motion for an Award of Attorneys'

28    Fees and Reimbursement of Expenses [95], issued by the Court on November 14,

1.

2016 (the "Final Approval Order") (Dkt. No. 114), and the Order Re: Motion for Reimbursement of Expenses in Connection with Class Action Settlement [115], issued by the Court on December 15, 2016 (the "Order Re: Reimbursement of Expenses") (Dkt. No. 117).   This Judgment also incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Class Action and over all parties to the Class Action, including all members of the Class.

3.      As fully set forth in the Final Approval Order and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies the Settlement Class for the purpose of administering the Settlement.   The Settlement Class is defined as: "all Persons who purchased or otherwise acquired Medbox, Inc. common stock between April 2, 2013 and December 29, 2014, inclusive, and who were damaged thereby.   Excluded from the Settlement Class are: (1) Defendants and their families, the officers and directors of the Company, at all relevant times, members of their families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest; (2) any persons who have separately filed actions against one or more of Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Class Action or otherwise alleged, asserted, or contended in the Class Action; and (3) those persons or entities who submitted valid and timely requests for exclusion from the Class in accordance with this Order, a list of whom is attached hereto as Exhibit A."   With respect to the Settlement Class, this Court finds, solely for the purposes of the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Settlement Agreement and finds that:

(a)      the Settlement set forth in the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of the Class;

(b)      there was no collusion in connection with the Settlement Agreement;

(c)      the Settlement Agreement was the product of good-faith, informed, arm's-length negotiations between competent, experienced counsel; and

(d)      the record is sufficiently developed and complete to have enabled the Settling Parties to have adequately evaluated and considered their positions.

5.      Accordingly, the Court hereby authorizes and directs implementation and performance of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Action and all Released Claims of the Class with prejudice, to the extent provided in the Settlement Agreement and herein.

6.      Upon the Effective Date, Lead Plaintiffs, and each and every Class Member, for themselves, and anyone claiming (now or in the future) through or on behalf of any of them, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release form, and whether or not such Class Member shares in the Settlement Fund.  The Settling Parties acknowledge, and the Class Members shall be deemed by operation of law

1    and of this Judgment to have acknowledged, that the foregoing waiver of Unknown

2    Claims and of the provisions, rights and benefits of § 1542 of the California Civil

3    Code was separately bargained for and is a material element of the Settlement of

4    which the release in this paragraph is a part.

5          7.      All Class Members are hereby forever barred and enjoined from

6    prosecuting any of the Released Claims against any of the Released Persons.

7          8.      Upon the Effective Date, each of the Released Persons shall be

8    deemed to have, and by operation of this Judgment shall have, fully, finally, and

9    forever released, relinquished, and discharged Lead Plaintiffs, each and all of the

10    Class Members, Lead Counsel, and Plaintiffs' Counsel from all claims (including

11    Unknown Claims) arising out of, relating to, or in connection with the institution,

12    prosecution, assertion, settlement or resolution of the Class Action or the Released

13    Claims.

14          9.      The Notice of Proposed Class Action Settlement given to the Class

15    was the best notice practicable under the circumstances, including the Mailed

16    Notice to all Class Members who could be identified through reasonable effort.

17    Said notice provided the best notice practicable under the circumstances of those

18    proceedings and of the matters set forth therein, including the proposed Settlement

19    set forth in the Settlement Agreement, to all Persons entitled to such notice, and

20    said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil

21    Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, the

22    requirements of due process, and any other applicable law.

23          10.     Pursuant to Section 3(a)(10) of the Securities Act of 1933, any shares

24    issued to pay the Settlement Shares shall be fully paid, non-assessable and, upon

25    final approval of the Settlement, exempt from registration under Section 3(a)(10),

26    or other applicable provisions, of the Securities Act of 1933, and will be identical

27    in all respects to Medbox, Inc.'s currently outstanding shares of common stock.

28

4.

1    11.    The Court hereby finds that the proposed Plan of Distribution is a fair

2  and reasonable method to allocate the Net Settlement Fund among Authorized

3  Claimants.

4    12.    Neither the Settlement Agreement nor the Settlement contained

5  herein, nor any act performed or document executed pursuant to or in furtherance

6  of the Settlement Agreement or the Settlement is or may be deemed to be or may

7  be used as an admission of, or evidence of: (a) the validity of any Released Claim,

8  or of any liability, negligence, gross negligence, recklessness, deliberate

9  recklessness, fault or other wrongdoing of any kind; or (b) any liability, fault,

10  misrepresentation or omission with respect to any statement or written document;

11  or (c) the validity or invalidity of any claims asserted by Lead Plaintiffs or the

12  amount of any recoverable damages in connection with those claims; or (d) any

13  infirmity in the defenses that have been or could have been asserted in this Class

14  Action.  The provisions set forth in this ¶ 13 (a)-(d) above each apply with respect

15  to any civil, criminal, or administrative proceeding in any court, administrative

16  agency or other tribunal.  The Released Persons may file the Settlement Agreement

17  and/or the Judgment in any action that may be brought against them in order to

18  support a defense or counterclaim based on principles of *res judicata*, collateral

19  estoppel, release, good faith settlement, judgment bar or reduction, or any other

20  theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21    13.    Without affecting the finality of this Judgment in any way, this Court

22  hereby retains continuing jurisdiction over: (a) implementation of this Settlement

23  and any award or distribution of the Settlement Fund, including interest earned

24  thereon; (b) disposition of the Settlement Fund; (c) hearing and determining

25  applications for attorneys' fees, interest, and expenses in the Class Action; and

26  (d) all parties hereto for the purpose of construing, enforcing, and administering

27  the Settlement Agreement.

28

14.     Pursuant to Section 21D(c)(1) of the Private Securities Litigation Reform Act of 1995, the Court finds that during the course of the Class Action, the Settling Parties and their respective counsel at all times complied with each of the requirements of Rule 11 of the Federal Rules of Civil Procedure, and that the Class Action was not brought for any improper purpose and is not unwarranted by existing law or legally frivolous.

15.     Any order approving or modifying the Plan of Distribution or Lead Counsel's application or award of attorneys' fees and expenses, shall not disturb or affect the finality of this Judgment, the Settlement Agreement, the Settlement contained therein, nor any act performed or document executed to or in furtherance of the Settlement Agreement or the Settlement.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement and the Settling Parties shall be restored to their respective positions in the Class Action as of the Execution Date of the Settlement Agreement.

17.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18.     This Court finds, for purposes of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs the Clerk of the Court to enter this Judgment as set forth herein immediately.   This Judgment is a final

1  judgment in the Class Action as to all claims asserted therein at any time and as to

2  all of the Class Member's Released Claims against the Released Persons.

3       19.   Judgment shall be, and hereby is, entered dismissing the Class Action

4  in its entirety with prejudice.

5       IT IS SO ORDERED.

   DATED: January 13, 2017

6

7                                        By: _____

8                                            Honorable Beverly R. O'Connell
                                             United States District Court Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.